UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA GILTON,<br>　　　　Plaintiff,<br>　　v.<br>BRIGHTER BEGINNINGS,<br>　　　　Defendant. | Case No. 4:18-cv-01425-KAW<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY**<br>Re: Dkt. No. 21 |

Attorney Jocelyn Burton ("Attorney Burton") moves to withdraw her firm, Burton Employment Law, as Plaintiff Gina Gilton ("Plaintiff")'s counsel in this matter ("Motion to Withdraw"). (Mot. to Withdraw, Dkt. No. 21.) Defendant Brighter Beginnings ("Defendant") has not filed an opposition to Attorney Burton's Motion to Withdraw. On December 20, 2018, the Court held a hearing on the motion. (Dkt. No. 25.) At the hearing, Mr. Scott Nakama of Burton Employment Law appeared on behalf of Plaintiff. (*Id.*) Having reviewed the filings and discussed the Motion to Withdraw with Mr. Nakama during the December 20, 2018 hearing, the Court GRANTS Attorney Burton's Motion to Withdraw.

## I. BACKGROUND

Plaintiff, via Attorney Burton, filed the instant case against Defendant on March 5, 2018, alleging disability discrimination under the American Disabilities Act ("ADA"); failure to engage in interactive process, failure to accommodate, disability discrimination, and failure to prevent discrimination under the California Fair Employment and Housing Act ("FEHA"); as well as constructive discharge in violation of public policy. (Dkt. No. 1.) A Case Management Conference has not been held yet because the parties represented that they were attempting to settle and resolve the matter. (Mot. to Withdraw at 2.) According to Attorney Burton, Plaintiff's retention of Attorney Burton and Burton Employment Law was confirmed in a written engagement letter and fee agreement executed by Plaintiff on May 23, 2017. (*Id.*)

On October 24, 2018, Attorney Burton moved to withdraw "because Plaintiff has made it unreasonably difficult for Burton Employment Law to carry out its employment." (*Id.*) Attorney Burton further states that "[a]lthough Burton Employment Law cannot, in accordance with its professional and ethical duties, set forth the precise reasons that have brought about this motion, the conditions for permissive withdrawal are present." (*Id.* at 3.) Attorney Burton and Burton Employment Law also advised Plaintiff about seeking to withdraw from its representation of her. (*Id.*) Attorney Burton further states that "[a]t the hearing on this motion, counsel for Burton Employment Law of course will respond to any questions that this Court may pose, consistent with its professional and ethical duties, and will be prepared to discuss matters in chambers if so requested." (*Id.*) Attorney Burton finally states that "[b]ecause the Court has not set any deadlines in this action, the parties will not be prejudiced by [Burton Employment Law]'s withdrawal" and Attorney Burton and Burton Employment Law "has provided Plaintiff Gina Gilton with reasonable notice of this Motion" to withdraw. (*Id.*) Defendant has also not filed an opposition to Attorney Burton's Motion to Withdraw.

## II. LEGAL STANDARD

Under Civil Local Rule 11-5(a),"[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." The rule further provides that:

> When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se. When this condition is imposed, counsel must notify the party of this condition. Any filed consent by the party to counsel's withdrawal under these circumstances must include acknowledgment of this condition.

Civil L.R. 11-5(b).

Withdrawal is governed by the California Rules of Professional Conduct. *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to withdrawal by attorney). California Rule of Professional Conduct 3-700(C) sets forth several grounds under which an attorney may request permission to withdraw. Counsel may withdraw

2

from representation in any matter in which the client "breaches an agreement or obligation to the member as to expenses or fees," has made it "unreasonably difficult for the member to carry out the employment effectively," or "knowingly and freely assents to termination of the employment." Cal. Rules of Prof'l Conduct 3-700(C)(1)(d), (f) & (C)(5). The court has discretion to grant or deny a motion to withdraw, and it can exercise that discretion, and decide to deny such a motion, "where such withdrawal would work an injustice or cause undue delay in the proceeding." *Gong v. City of Alameda*, Case No. 03-cv-5495 TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) (internal citation and quotations omitted).

### III. DISCUSSION

Attorney Burton moves to withdraw on the ground that Plaintiff has made it unreasonably difficult for her firm to carry out its employment. (Mot. to Withdraw at 2.) Civil Local Rule 11-4(a) states that "[e]very member of the bar of this Court and any attorney permitted to practice in this Court under Civil L.R. 11" must "[b]e familiar and comply with the standards of professional conduct required of members of the State Bar of California." California Rule of Professional Conduct 3-700(C) states that a member of the State Bar of California may seek permission to withdraw in matters pending before a tribunal if the client "by other conduct renders it unreasonably difficult for the member to carry out the employment effectively." Cal. Rules of Prof'l Conduct 3-700(C)(1)(d).

Therefore, because withdrawing from representation if an attorney's client makes it unreasonably difficult to carry out the attorney's employment is a valid grounds for withdrawal under the California Rules of Professional Conduct, the Court finds that good cause exists to grant Attorney Burton's Motion to Withdraw. Moreover, Defendant did not object or file an opposition to Attorney Burton's Motion to Withdraw when served with it. As a result, there has been no showing that withdrawal would work an injustice, result in any prejudice, or cause undue delay of existing deadlines. Accordingly, the Court GRANTS Attorney Burton's Motion to Withdraw.

### IV. CONCLUSION

For the reasons stated above, the Court GRANTS Attorney Burton's Motion to Withdraw. Because Plaintiff has not formally consented to the withdrawal and no substitution of counsel has

3

been filed yet, all papers from the Court and from Plaintiff shall continue to be served on Attorney Burton for forwarding purposes until a substitution of counsel is filed. *See* Civil L.R. 11-5(b).

Plaintiff also has 45 days from the date of this Order to find substitute counsel and file a Notice of Substitution. If Plaintiff does not file a Notice of Substitution within 45 days or request an extension of time, Plaintiff shall file a status report indicating the status of her current counsel.

Attorney Burton is also instructed to serve this order on Plaintiff, and to file a proof of service of such service.

IT IS SO ORDERED.

Dated: December 20, 2018

KANDIS A. WESTMORE
United States Magistrate Judge